[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-10521

_____

D.C. Docket No. 06-00084-CV-J-32-MCR

JACKSON-SHAW COMPANY,
a Texas corporation,

                                                                Plaintiff–Appellant,

versus

JACKSONVILLE AVIATION AUTHORITY,
a body politic and corporate,

                                                                Defendant–Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 20, 2009)**

Before BIRCH and BARKETT, Circuit Judges, and KORMAN,* District Judge.

_____

* Honorable Edward Korman, United States District Judge for the Eastern District of New York, sitting by designation.

PER CURIAM:

Jackson-Shaw Company appealed from a final judgment, after a bench trial, in favor of the Jacksonville Aviation Authority ("JAA") on Jackson-Shaw's suit seeking a declaratory judgment and injunctive relief. In its Complaint, Jackson-Shaw alleged that a development agreement ("Agreement") between the JAA and a private entity, Majestic Realty Company ("Majestic"),[1] violated article VII, section 10 of the Florida Constitution. Specifically, Jackson-Shaw alleged that the Agreement made the JAA a "joint owner" with Majestic and required the JAA to pledge to Majestic its public credit, both of which are prohibited by article VII, section 10 of the Florida Constitution. We certified to the Florida Supreme Court[2] the questions of whether the provisions of the Agreement made the JAA a "joint owner" or required it to pledge to Majestic its public credit. The Florida Supreme Court answered in the negative. Jackson-Shaw Co. v. Jacksonville Aviation Auth., 2008 Fla. LEXIS 2398 (Dec. 18, 2008). Accordingly, because the Agreement did not violate the Florida Constitution, the final judgment of the

---

[1] The Agreement at issue in this case is between the JAA and Woodwings East Development, LLC, a Delaware limited liability company formed by Majestic.

[2] The Florida Constitution permits us to certify a question to the Florida Supreme Court if it "is determinative of the cause and for which there is no controlling precedent of the supreme court of Florida." Fla. Const. art. V, § 3(b)(6); see also Stevens v. Battelle Memorial Inst., 488 F.3d 896, 904 (11th Cir. 2007).

district court is

**AFFIRMED**